UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | | |
|---|---|---|---|
| CHRISTOPHER UNDERWOOD, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. 1:21-cv-00684-TWP-DML | |
| | ) | | |
| MELISSA BAGIENSKI, | ) | | |
| SHERI WILSON, | ) | | |
| | ) | | |
| Defendants. | ) | | |

**Order Granting Motion to Proceed *in Forma Pauperis*,**
**Screening and Dismissing Complaint,**
**and Directing Plaintiff to Show Cause**

This matter is before the Court on Indiana Department of Correction inmate Christopher Underwood ("Mr. Underwood") Motion to Proceed in Forma Pauperis, and for screening. Mr. Underwood commenced this 42 U.S.C. § 1983 action on March 19, 2021. The Court makes the following rulings.

**I.  *in Forma Pauperis***

Mr. Underwood's motion to proceed *in forma pauperis*, dkt. [3], is **granted** to the extent that he is assessed an initial partial filing fee of five dollars and forty-three cents ($5.43).  *See* 28 U.S.C. § 1915(b)(1)(A). Mr. Underwood shall have **through May 4, 2021**, in which to pay this sum to the clerk of the district court.

Mr. Underwood is informed that after the initial partial filing fee is paid, he will be obligated to make monthly payments of 20 percent of the preceding month's income each month that the amount in his account exceeds $10.00, until the full filing fee of $350.00 is paid. 28 U.S.C. § 1915(b)(2). After the initial partial filing fee is received, a collection order will be issued to Mr.

Underwood and his custodian, and the Court will screen the complaint in accordance with 28 U.S.C. § 1915A.

## II. Screening Standard

Because Mr. Underwood is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the Court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## III.  The Complaint

Mr. Underwood brings this action against defendants Melissa Bagienski ("Bagienski"), a nurse, and Sheri Wilson (Wilson), a nurse practitioner, both employed by Wexford of Indiana, LLC, to provide medical services at the Pendleton Correctional Facility. He asserts that on July 3, 2020, Nurse Beily was passing out medication in the cellhouse when she failed to provide Mr. Underwood's back pain medication. Nurse Beily told him she did not have any medication for him. On July 6, 2020, the same thing happened, and the nurse told Mr. Underwood that his pain

2

medication had been discontinued for his hoarding the medication. Nurse Beily told Mr. Underwood she would speak to the doctor about the issue.

Thereafter Mr. Underwood sent in numerous healthcare requests forms seeking a resumption of his backpain medication. On July 20, 2020, Mr. Underwood saw defendant Wilson at a sick call visit. Wilson told him that defendant Bagienski had reported that Mr. Underwood was "hoarding", specifically saying that Mr. Underwood had been caught hoarding about thirty pills. Bagienski came into the visit and stated that she had received a phone call from an unknown custody officer who reported the hoarding to her and reported that Mr. Underwood had been written-up on a conduct report. The nurse said they were awaiting a copy of the conduct report.

Mr. Underwood expressed his displeasure that he had been left in pain without medication based on the oral report of an unknown correctional officer and without a copy of the written conduct report. The defendants informed Mr. Underwood that there was nothing they could do.

Sometime after that, defendant Wilson called Mr. Underwood back to a sick-call and told him that she could no longer withhold the medication without documentation and would correct the problem. Mr. Underwood told her how much pain he had been in and the defendant Wilson "deeply apologized" and offered, then administered, a shot of pain medication.

Mr. Underwood seeks compensatory and punitive damages.

### IV. Discussion

To state a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment, a prisoner must allege (1) an objectively serious medical condition and (2) facts suggesting that the defendant knew about the plaintiff's condition and the substantial risk of harm it posed but disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). But negligence or

even gross negligence on the part of officials is not sufficient for liability; their actions must be intentional or criminally reckless. *Bell v. Ward*, 88 F. App'x 125, 127 (7th Cir. 2004) (citing *Farmer*, 511 U.S. at 837 (1994)).

Mr. Underwood has pled himself out of an Eighth Amendment claim. His assertions are that the nurses responded to a correctional official's report of Mr. Underwood hoarding medications. Not obtaining the official's name may have been negligence, but likely not more than that. The same is true for not obtaining a copy of a conduct report before medications were stopped. Mr. Underwood then pleads that the nurses, on their own initiative, determined they would not wait any longer for the report and were able to get the medication started again, as well as provide Mr. Underwood with immediate pain medication in the form of an injection. Again, Mr. Underwood has perhaps pled a case of negligence, but mere negligence, nor gross negligence, is sufficient to state an Eighth Amendment claim.

For this reason, Mr. Underwood's complaint is **dismissed** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A.

### V. Opportunity to Show Cause

Before dismissing this action and entering final judgment, the Court will allow Mr. Underwood through **May 4, 2021**, in which to show cause why the complaint should not have been dismissed and instead allowed to proceed. Mr. Underwood may show cause with a response to this Order, or by filing an amended complaint that cures the deficiencies identified in this Order. The failure to pay the initial partial filing fee and either show cause or file an amended complaint will result in the dismissal of this action without further notice or opportunity to be heard.

**IT IS SO ORDERED**.

Date: 4/5/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Christopher Underwood
863097
Pendleton Correctional Facility
Electronic Service Participant – Court Only