UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER UNDERWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-00684-TWP-DML |
| ) | |
| MELISSA BAGIENSKI, ) | |
| SHERI WILSON, ) | |
| ) | |
| Defendants. ) | |

**Order Granting Motion to Reconsider,
Reinstating Complaint,
and Directing Issuance and Service of Process**

This matter is before the Court on a Plaintiff Christopher Underwood's ("Underwood") Show Cause in Demonstration of Grounds of Civil Action, which the Court construes as a motion to reconsider. (Dkt. 8). Underwood, an Indiana Department of Correction inmate, commenced this 42 U.S.C. § 1983 action on March 19, 2021, alleging two nurses withheld his pain medication for over two weeks in an act of deliberate indifference. (Dkt. 2). The Court granted him leave to proceed *in forma pauperis* and assessed an initial partial filing fee. The complaint was screened and dismissed for failure to state a claim upon which relief can be granted, and Underwood was allowed time to show cause why the complaint should not have been dismissed or to file an amended complaint. Dkt. 7. The initial partial filing fee has now been paid. (Dkt. 9). Rather than file an amended complaint, Underwood filed a response to the show cause order, which is treated as a motion to reconsider.

**I. Screening Standard**

Because Underwood is a prisoner, his complaint was screened pursuant to the requirements of 28 U.S.C. § 1915A(b). This statute directs that the Court shall dismiss a complaint or any claim

within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

In assessing Underwood's motion to reconsider, the Court continues to apply the § 1915A(b) screening standard to his complaint and his new arguments.

## II.  The Complaint

Underwood brings this action against defendants Melissa Bagienski, a nurse, and Sheri Wilson, a nurse practitioner, both employed by Wexford of Indiana, LLC, to provide medical services at the Pendleton Correctional Facility. He asserts that on July 3, 2020, Nurse Beily was passing out medication in the cellhouse when she failed to provide the plaintiff's back pain medication. Nurse Beily told him she did not have any medication for him. On July 6, 2020, the same thing happened, and the nurse told Underwood that his pain medication had been discontinued for his hoarding of the medication. Nurse Beily told him that she would speak to the doctor about the issue.

Thereafter Underwood made numerous healthcare requests seeking a resumption of his backpain medication. On July 20, 2020, he saw defendant Wilson at a sick call visit. Wilson told

Underwood that defendant Bagienski had reported the hoarding, saying that Underwood had been caught hoarding about thirty pills. Bagienski came into the visit and said that she had received a phone call from an unknown custody officer who reported the hoarding to her and said Underwood had been written-up on a conduct report. The nurse said they were awaiting a copy of the conduct report.

Underwood expressed his displeasure that he had been left in pain without medication based on the oral report of an unknown correctional officer and without a copy of the written conduct report. The defendants said there was nothing they could do.

Sometime after that, defendant Wilson called Underwood back to a sick-call and told him that she could no longer withhold the medication without documentation and would correct the problem. Underwood told her how much pain he had been in and the defendant Wilson "deeply apologized" and offered, then administered, a shot of pain medication.

Underwood seeks compensatory and punitive damages.

### III.  Discussion

To state a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment, a prisoner must allege (1) an objectively serious medical condition and (2) facts suggesting that the defendant knew about the plaintiff's condition and the substantial risk of harm it posed but disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). But negligence or even gross negligence on the part of officials is not sufficient for liability; their actions must be intentional or criminally reckless. *Bell v. Ward*, 88 F. App'x 125, 127 (7th Cir. 2004) (citing *Farmer*, 511 U.S. at 837 (1994)).

In his motion to reconsider, Underwood again asserts that Nurse Bagienski lied about receiving a phone call from an unknown correctional officer and stopped the medication without cause. He contends that neither nurse should have stopped his pain medication based on an oral report from an unknown correctional officer. While may be difficult for Underwood to establish that Nurse Bagienski was untruthful about the phone call from an unknown correctional officer, the Court finds that on reconsideration of Underwood's factual assertions, he states a plausible Eighth Amendment claim for deliberate indifference to his serious medical needs during the two-weeks or more he was without any pain medication. The complaint is therefore reinstated and these claims **shall proceed** against both defendants as pled.

### IV. Issuance and Service of Process

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to defendants Melissa Bagienski and Sheri Wilson in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. 2, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The Court understands the defendants to be medical providers at the Pendleton Correctional Facility and would therefore be employees of Wexford in Indiana, LLC. If either defendant is no longer employed by Wexford or otherwise does not waive service of summons, Wexford is requested to promptly inform the Court of such employee's last known physical address where she may be served with summons at her expense. This information may be provided to the Court in an *ex parte* filing or informally and will be kept under restricted access for the Court only.

**IT IS SO ORDERED**.

Date: 5/13/2021

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

4

Distribution:

Christopher Underwood
863097
Pendleton Correctional Facility
Electronic Service Participant – Court Only

Melissa Bagienski
Medical Provider
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN  46064

Sheri Wilson
Medical Provider
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN  46064

Courtesy copy by electronic delivery to Wexford of Indiana, LLC